STATE OF MONTANA ON THE RELATION OF E. E. MacGILVRA AND MRS. VIRGINIA BULEN ANDERSON AND CASEY BARTHELMESS ET AL. AS MEMBERS OF AND CONSTITUTING THE BOARD OF TRUSTEES OF THE MONTANA HISTORICAL SOCIETY, RELATORS, vs DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT, RESPONDENTS.

No. 11206.
Submitted September 18, 1966. Decided October 11, 1966.
418 P.2d 874.

A. L. Libra (argued), Walter H. Balkovatz, Helena, for relators.

Patrick F. Hooks, Townsend, John Vance, Helena, John M. Schiltz (argued), Billings, for respondents.

PER CURIAM:

This is an original proceeding. The relators seek a writ of supervisory control to compel the District Court to grant a motion to quash an alternative writ of mandamus, rather than to hold the matter under advisement and requiring a hearing on the merits.

Relators are the members of the Board of Trustees of the Montana Historical Society, an agency of the State of Montana. The respondent is the District Court of the First Judicial District, the Honorable Truman G. Bradford, Judge presiding. The action concerns the discharge of one Michael S. Kennedy from his employment as Director of the Historical Society. So far as concerns this opinion, Mr. Kennedy was summarily removed without notice.

On May 19, 1966, Michael S. Kennedy filed a petition in the District Court for a writ of mandate to compel the Relators here to reinstate him as Director of the Montana Historical Society, the employment from which he had been discharged on May 17, 1966, by action of the Board. The petition also sought attorney fees and costs. The relators here, the Board of Trustees of the Historical Society, will be hereinafter referred to as the Board.

The aforementioned Petition for a writ of mandamus and the alternative writ issued were met by the Board by a consolidated motion; such motion seeking (1) to strike from the affidavit and petition for the writ certain allegations as redundant and immaterial; and (2) to quash the alternative writ. The motion was heard and the respondent court granted part of the motion to strike but took the motion to quash under advisement pending a hearing on the merits. At the same time the District Court set a trial date.

This application followed. We granted an order to show cause directed to the District Court, ordering it to appear to show cause why a writ of supervisory control should not issue

directing the granting of the motion to quash the alternative writ of mandate theretofore issued.

On the return date, counsel filed on behalf of the District Court an answer. In the answer, the propriety of our taking original jurisdiction is challenged and then the challenge waived as we shall develop. Additionally, the answer set up the legal determination of the motion to quash the alternative writ of mandamus.

First of all, the propriety of our assuming original jurisdiction is challenged by one short paragraph which suggests that the Board could have refused to further plead, allowed the peremptory writ to issue, and then appealed. Thus, reasons the respondent court, the remedy of appeal is adequate and the extraordinary remedy should not issue. The answer to that argument might be gleaned from State ex rel. Hagerty v. Rafn (Montana Liquor Control Board), 130 Mont. 554, 304 P.2d 918, when this method resulted in a moot question. We shall not develop this further because on oral argument counsel for the respondent court, the same counsel as appeared for Mr. Kennedy in the court below, expressed a desire to have the legal issue settled. This we shall do.

Now as to the legal issue. R.C.M.1947, § 44-519, provides in part: "The government and administration of the society is vested in a board of fifteen (15) trustees * * *."

R.C.M.1947, § 44-523, provides in part: "The powers and duties of the trustees are as follows: * * *

"(3) To appoint a director, fix his salary, and prescribe his duties and responsibilities."

R.C.M.1947, § 44-524 provides: "The director is fully responsible for the immediate direction, management and control of the society, subject to the general programs and policies established by the trustees. The director may appoint and employ all assistants and employees required for the management of the historical society, subject to approval by the trustees."

Nowhere is there any reference in the statutes as to term of office, or for any particular means or method for removing the director or discharging him. (Compare Chapter 26, R.C.M. 1947, relating to Fish and Game. See discussion in State ex rel. Ford v. State Fish and Game Commission, 148 Mont. 151, 418 P.2d 300.)

R.C.M. 1947, § 59-405, provides: "Every office of which the duration is not fixed by law is held at the pleasure of the appointing power."

This statutory rule was applied in State ex rel. Nagle v. Sullivan, 98 Mont. 425, 438, 40 P.2d 995, 998, 99 A.L.R. 321. There it was said: "Where provision is made for the appointment of an officer, but no definite term is prescribed, the appointing power may remove the appointee at will, without notice or opportunity to be heard." (See also State ex rel. Bonner v. District Court, 122 Mont. 464, 206 P.2d 166.)

Both the statutory rule and case law make it clear in this case that the power to remove the director lies in the Board of Trustees and it may do so without notice or opportunity to be heard.

Apparently, recognizing the law to be as noted, the respondent District Court now attempts to challenge the constitutionality of R.C.M.1947, § 59-405. A novel approach is urged.

Article V, § 18, of the Constitution of Montana provides: "All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance in office, in such manner as may be provided by law."

Continuing the respondent's reasoning, Kennedy was an officer "not liable to impeachment"; and respondent says the language above is a "constitutional guarantee that a public officer cannot be removed except on the grounds stated in the Constitution. * * * The Court must assume that the framers of the Constitution intended that officers could be removed *only* for misconduct or malfeasance, because that is what the Constitution says."

Of course, this is not what the Constitution says; the word *only* is not used. Art. III, § 29, provides that the provisions of this Constitution are mandatory and prohibitory. Thus, here, the Legislature cannot take away the right to remove officers for misconduct or malfeasance in office. But as said in Art. III, § 30, "The enumeration in this constitution of certain rights shall not be construed to deny, impair, or disparage others retained by the people."

Now then, returning to respondent's theory, which we have termed a novel one, if it be carried to its logical conclusion, a public officer, when once hired, would have a *lifetime tenure* during good behavior. This is ridiculous.

■ Without belaboring the point further, we hold that R.C.M. 1947, § 59-405, is not violative of the Constitution, Art. V, § 18.

Much is said in the respondent's brief about whether or not Mr. Kennedy was a "public officer". This argument follows respondent's contention that the Constitution requires misconduct or malfeasance for removal of "officers not liable to impeachment." We think here it makes no difference whether Mr. Kennedy was or was not a "public officer".

■ Then, too, we have not overlooked respondent's contention that Mr. Kennedy had a "fixed term" of office. This had been pleaded, but the statutes do not so provide. Therefore, even though pleaded, we do not accept an alleged fact if it be contrary to law. For discussion of this, in addition to power of removal, see Mr. Justice Adair's discussion in State ex rel. Bonner v. District Court.

We find then, as a legal matter, that the motion to quash the writ of mandamus should have been granted as a matter of law. The board had a legal right to terminate its director's employment at any time without notice.

Heretofore, in this opinion, we have discussed strictly matters of law as they relate to factual matters. We have not chosen to discuss press reports, charges and statements and counter

charges, and personal innuendoes. We do not propose to do so now. Accordingly let a writ of supervisory control issue, directing the District Court to quash the alternative writ of mandate and order the cause dismissed. It is so ordered.

MR. JUSTICE JOHN C. HARRISON, (specially concurring):

I would be reluctant to accept original jurisdiction in this matter, but as pointed out in the court's opinion, counsel desire a decision on the points raised.

I would like to comment upon my views in certain further particulars. First I believe Mr. Kennedy is a public officer and I feel that he may have had precipitous treatment, and should be entitled to have his "day in court" so to speak by having a public hearing. However, I realize that the law as laid down by the Legislature is such that the opinion herein is correct within the narrow confines of legal rules. I do feel too that the District Judge felt the same way I do, and for this reason withheld ruling on the Motion to Quash pending a hearing on the merits. This would have allowed Mr. Kennedy an opportunity to air his position and vindicate himself; though of course the end result under the law would be the same.